*819 OPINION.
TRAmmell:
The question is whether the petitioner was directly or indirectly the beneficiary of the insurance policies taken out by it on the lives, of its officers and employees. Section 215 of the Revenue Act of 1918, in so far as it is' pertinent to the issue here involved, is as follows:
Sec. 215. That in computing net income no deduction shall in any case be allowed in respect of—
* * * * * *
(d) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.
The petitioner was in each instance named as the beneficiary in the policies. It is contended, however, that the communication addressed by the petitioner to its officers and employees whose lives were insured and the acceptance by them of the terms and conditions set forth therein constitute a valid and binding contract on the part of the petitioner to pay over the proceeds of the policies to the beneficiaries named by the insured. The corporation could, however, discharge any employee or any' employee might resign and the company could continue the policy on the life of such officer or employee in force and effect until the policies had become fully matured as endowments. There is no evidence that the petitioner could not, whenever it saw fit, cancel the policy and receive the benefit of the cash surrender value or at any time have the benefit of the loan value.
The petitioner, being named as the beneficiary in the policies and not having deprived itself by virtue of the contract of its rights as such beneficiary, except under conditions which were entirely contingent and dependent upon subsequent .events, in our opinion it is not shown that the situation does not come within the meaning of the above quoted section of the statute. The petitioner had control of the.policy and could have benefited thereunder directly or indirectly.
In view of the foregoing, it is our opinion that the premium payments are not allowable as deductions in determining the petitioner’s net income.
Judgment will be entered on 15 days’ notice, under Bule 50.